**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 6, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KINSHASA COOLEY,

      Petitioner-Appellant,

v.

AL ESTEP and JOHN SUTHERS,
Attorney General of the State of Colorado,

      Respondents-Appellees.

No. 06-1081

(D.C. No. 03-CV-1761-EWN-BNB)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Kinshasa Cooley, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

2254 petition for writ of habeas corpus. For the reasons outlined below, we grant a COA with respect to Cooley's Confrontation Clause and Due Process Clause claims, and reverse and remand with directions to the district court to obtain a copy of the state trial transcript so that it can properly assess these claims.

I.

On November 9, 1995, Cooley was convicted by a jury in Colorado state district court of second degree burglary, aggravated robbery, menacing, and conspiracy to commit second degree burglary and aggravated robbery. Cooley was sentenced to a total term of imprisonment of thirty-two years. The Colorado Court of Appeals (CCA) affirmed his convictions on direct appeal. The Colorado Supreme Court denied Cooley's petition for writ of certiorari on September 22, 1997. Cooley subsequently made two unsuccessful attempts at obtaining state post-conviction relief.

On September 2, 2003, Cooley initiated these federal habeas proceedings by filing a motion for leave to proceed in forma pauperis. The district court granted Cooley's motion and Cooley filed his federal habeas petition on September 11, 2003. After allowing respondents to file an answer to Cooley's petition, the magistrate judge denied Cooley's motion to review the state court record and issued a report and recommendation recommending that Cooley's habeas petition be denied. The district court adopted the magistrate judge's recommendation and denied the petition. The district court subsequently denied Cooley's request for a COA. Cooley has now renewed his request for a COA with this court.

II.

The denial of a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

*Confrontation Clause claim*

Cooley argued in his federal habeas petition that the state district court violated his rights under the Confrontation Clause by admitting at trial an out-of-court statement made by co-defendant John Glasper to a police detective. Cooley first raised this issue on direct appeal. The CCA concluded that the state district court failed to make a threshold finding of Glasper's unavailability, and thus erred in admitting Glasper's out-of-court statements. However, the CCA concluded that Cooley was not prejudiced by the admission of Glasper's out-of-court statements and thus the error was harmless. Applying the standards of review outlined in 28 U.S.C. § 2254(d), the magistrate judge, and in turn the federal district court, found no basis for granting federal habeas relief on this claim.

After examining the record on appeal, we conclude the magistrate judge and the

-3-

district court failed to conduct a proper review of Cooley's claim. "Reviewing courts," including federal habeas courts, "normally disregard trial errors that are harmless." O'Neal v. McAninch, 513 U.S. 432, 434 (1995). In determining whether a particular trial error was harmless, however, a reviewing court "has an obligation" to conduct "a record review . . . ." Id. at 435. Consistent with this obligation, Rule 5 of the Rules Governing Section 2254 Cases in the United States Courts requires a respondent to "attach to the answer parts of the transcript that the respondent considers relevant," and also allows a district court, in pertinent part, to "order that the respondent furnish other parts of existing transcripts . . . ." Here, the respondents, in addressing Cooley's Confrontation Clause claim, summarized portions of certain witnesses' testimony, but did not otherwise submit to the district court any portions of the state trial transcript. Indeed, it appears from a footnote in respondents' answer that they made no attempt to obtain that transcript in preparing their answer. See ROA, Doc. 16 at 2 n.1 ("The state court record volumes are cited as they were numbered in Petitioner's direct appeal. Because Respondents do not have custody of the volumes, it is unknown if they are presently numbered as they were in that appeal."). Although Cooley subsequently filed a motion asking the district court, consistent with Rule 5, to order production of the state trial transcript, the magistrate judge summarily denied that motion. Id., Doc. 26. Thus, the magistrate judge's, and in turn the district court's, review of the CCA's resolution of Cooley's Confrontation Clause claim was performed without benefit of the only document that could have helped definitively determine whether the admission of Glasper's out-of-court statements was

harmless, i.e., the state trial transcript.

Accordingly, we conclude that the only proper course of action is to grant Cooley a COA with respect to his Confrontation Clause claim, reverse the judgment of the district court, and remand with directions to first obtain a copy of the state trial transcript and then review the Confrontation Clause claim anew.[1]

*Due Process Clause claim*

We reach a similar conclusion with respect to Cooley's claim that the state district court violated his due process rights by failing to sua sponte instruct the jury on the issue of voluntary intoxication. Cooley first raised this issue on direct appeal, and the CCA rejected it under a plain error standard of review. In doing so, the CCA concluded, after reviewing the record on appeal, "that the decision not to request the voluntary intoxication instruction . . . was tactical and . . . not an oversight." ROA, Doc. 16, App. D at 5. More specifically, the CCA stated:

> Although defense counsel referred to [Cooley]'s alleged intoxication both during opening statements and closing argument, counsel emphasized that the prosecution's evidence had showed only defendant's mere presence at the scene. Consistent with the defense that [Cooley] merely was at the scene, but had not committed the offenses, the trial court instructed the jury that: "Mere presence at the scene of a crime, even with the knowledge that a crime is being committed, is insufficient to support a guilty verdict."

---

[1] In connection with his Confrontation Clause claim, Cooley also asks us to revisit our decision in Brown v. Uphoff, 381 F.3d 1219, 1227 (10th Cir. 2004), holding that Crawford v. Washington, 541 U.S. 36 (2004) (prohibiting the admission of "testimonial" hearsay into evidence against a defendant without a prior opportunity for cross-examination) is not retroactively applicable to an initial § 2254 habeas petition. We decline to do so.

Defense counsel may have determined, as a matter of strategy, that a voluntary intoxication instruction was harmful to the primary defense because it would have acknowledged defendant actually had performed the culpable conduct while attempting to negate the requisite specific intent. Under these circumstances, we conclude the decision whether to request such an instruction was properly left to defense counsel.

Id. In his federal habeas petition, Cooley argued that the CCA erred in finding, based solely upon its reading of the trial transcript, that his trial counsel made a tactical decision not to request a voluntary intoxication instruction. Accordingly, Cooley asserted it was necessary for the federal district court to conduct an evidentiary hearing, or alternatively to allow him to engage in discovery, to determine whether, in fact, his trial counsel had made such a tactical decision. In their answer, respondents argued that "the record support[ed] the [CCA's] determination that any error was harmless." Id. Doc. 16 at 22.

In rejecting Cooley's claim, the magistrate judge, and in turn the district court, properly determined that the CCA's factual determinations were entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). However, the magistrate judge and district court then concluded that Cooley "d[id] not attempt to rebut any factual determinations made by the [CCA]." ROA, Doc. 44 at 9.

Although we are skeptical whether Cooley's claim has any merit, it is clear from a review of the record on appeal that Cooley did, in fact, seek to rebut the key factual determination made by the CCA, i.e., that Cooley's trial counsel made a tactical decision not to assert a voluntary intoxication defense. And, as with Cooley's Confrontation Clause claim, we conclude that the magistrate judge and district court could not have

properly resolved Cooley's claim without first reviewing the state trial transcript. Thus, we likewise reverse the district court's dismissal of this claim and remand it to the district court for further resolution following the district court's obtainment of the state trial transcript.

The request for a COA is GRANTED, the judgment of the district court is REVERSED, and the case REMANDED to the district court with directions to obtain a copy of Cooley's state trial transcript and to reevaluate Cooley's Confrontation Clause and Due Process Clause claims. We also GRANT Cooley's motion for leave to proceed in forma pauperis.

Entered for the Court

Mary Beck Briscoe
Circuit Judge